IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN ALAN CONROY,
No. 42054-177,

Petitioner,

v().  No. 3:17-cv-00671-DRH

WARDEN TRUE,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Petitioner once again seeks to overturn his federal conviction and sentence in *United States v. Conroy*, Case No. 10-cr-00041-C-BG-1 (N.D. Tex. 2011). He raises two grounds for relief: the government's failure to produce the video recording of Petitioner's interrogation on July 3, 2010, despite his attorney's discovery request; and the trial court's alleged lack of jurisdiction over his criminal proceeding.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and the accompanying memorandum and exhibits, the Court concludes that this action is subject to dismissal.

## **Procedural History**

Petitioner pled guilty to production of child pornography (18 U.S.C. § 2251(a)) and receiving a visual depiction of a minor engaging in sexually explicit conduct (18 U.S.C. § 2252(a)(2)). *United States v. Conroy*, No. 10-cr-041-C-BG-1, Doc. 271 (N.D. Tex.). In March 2011, he was sentenced to a total term of 405 months' imprisonment. *Id*. at Doc. 36. In accordance with the plea agreement, Petitioner did not file a direct appeal.

Petitioner did, however, bring an action pursuant to 28 U.S.C. § 2255 in February 2012, seeking to vacate, set aside, or correct his sentence. *Conroy v. United States*, No. 12-cv-015-C, Doc. 1 (N.D. Tex.). He raised several issues of ineffectiveness of trial counsel, including counsel's failure to move to suppress evidence obtained after the initial interrogation of Petitioner, during which officers made promises, threats, and coerced him to cooperate. Those tactics led Petitioner to consent to a search of the travel trailer where he had been living on his job site. Petitioner's electronic media containing the illicit images were found in the trailer and transported to another location to be searched. On September 24, 2013, the trial court denied Petitioner's § 2255 motion. *Conroy v. United*

*States*, No. 12-cv-015-C, Doc. 14. He appealed, but the Court of Appeals for the Fifth Circuit declined to issue a certificate of appealability because Petitioner had failed to make a substantial showing of a constitutional right. *Id*. at Doc. 20.

Subsequent to that collateral attack, Conroy brought 3 petitions in the Fifth Circuit seeking permission to file successive § 2255 motions, in 2014, 2016, and 2017. Each time, his request was denied. Additionally, he filed a § 2241 petition in this Court, which was denied in 2015. In every one of these collateral attacks, Petitioner has raised the issue that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose discovery materials – specifically, the video recording of his July 3, 2010, interrogation. This recording would allegedly reveal law enforcement officers' threats to Petitioner's life and other improper tactics. Petitioner has also repeatedly challenged the jurisdiction of the Northern District of Texas, where he was tried and convicted, on the basis that any illegal conduct did not take place there, but instead occurred in the Western District of Texas, where Petitioner had been living in his travel trailer.

On October 29, 2014, the Fifth Circuit denied Petitioner's first motion to bring a second/successive § 2255 motion, finding that he "failed to make a prima facie showing that . . . he has newly discovered evidence that, if proven, would establish by clear and convincing evidence that no reasonable trier of fact would have found him guilty of the crimes of which he was convicted[.]" *In re John Alan Conroy*, No. 14-10643 (5th Cir. 2014).

Petitioner next sought relief from this Court under § 2241 in May 2015.

*Conroy v. Walton*, Case No. 15-cv-528-DRH (S.D. Ill.). In that action, he argued, based on a medical report, that he was actually innocent of sexual assault of a minor child (evidence relating to that crime was used in his indictment, plea, and sentencing). He again raised the issue of the threats and coercion used against him in the interrogation, and the government's failure to disclose its recording of his questioning. (Doc. 13 in Case No. 15-cv-528). He additionally sought an order from this Court directing Texas authorities to produce the interrogation video.

This Court dismissed the first § 2241 petition with prejudice on July 20, 2015. *Conroy v. Walton*, Case No. 15-cv-528-DRH (S.D. Ill., Doc. 13). In denying Petitioner's motions for discovery, the undersigned Judge noted that Petitioner had not offered any evidence to support his claim that a video recording exists but had been improperly withheld from him, and observed that "the withholding of discovery vis-à-vis his plea and sentencing was raised in Conroy's Section 2255 motion and rejected." *Id.* at pp. 6-7. Further, "Section 2255, not Section 2241 is the correct avenue for presenting new evidence." *Id.* at p. 7. The § 2241 petition was denied on the merits because each of the issues raised had been included in Petitioner's § 2255 motion, and in his application to bring a second/successive § 2255, but were rejected. The § 2241 petition failed to demonstrate any structural problem with the § 2255 procedure that prevented Petitioner from presenting his claims within that framework. As such, his claims did not fall within the "savings clause" of 28 U.S.C. § 2255(e), and could not be brought

4

under § 2241. *Conroy v. Walton*, Case No. 15-cv-528-DRH (S.D. Ill., Doc. 13, pp. 7-10).

Petitioner appealed from this Court's denial of his § 2241 petition. In affirming the decision, the Seventh Circuit noted that Petitioner:

> has repeatedly litigated his claims that the police coerced his consent to search and his confession. Section 2241 is not appropriately invoked to appeal the decisions of courts in a different circuit, and the district court here in no way erred in refusing to order the production of evidence underlying barred claims.

*Conroy v. Walton*, Appeal No. 16-1556 (7th Cir. Nov. 4, 2016).

While the above appeal was pending, Petitioner made another unsuccessful attempt to secure authorization from the Fifth Circuit to bring a successive § 2255 motion. *In re: John Alan Conroy*, Case No. 16-10027 (5th Cir. March 16, 2016). He again claimed to have newly discovered evidence that the video recording of his interrogation existed and that his counsel was ineffective by failing to obtain it. As before, the Fifth Circuit concluded that Petitioner did not meet the threshold showing that his newly discovered evidence, if proven, would show that he would not have been found guilty of his crime.

Finally, in April 2017, Petitioner again sought authorization for a successive § 2255 action, based on his newfound evidence of the existence of the interrogation video which was not disclosed in discovery. *In re: John Alan Conroy*, Case No. 17-10402 (5th Cir.). Once again, the Fifth Circuit rejected Petitioner's request. In doing so, the court issued a warning to Petitioner:

> Certain claims proposed by Conroy are at least substantially similar to claims he proposed in earlier motions for authorization. Conroy is

5

> WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions . . . .

*In re: John Alan Conroy*, Case No. 17-10402 (5th Cir., May 31, 2017).

The instant § 2241 petition followed.

## **The Petition**

Petitioner again challenges his conviction on the basis that the government failed to disclose the video recording of his July 3, 2010, interrogation. He includes much of the information he presented in his most recent application for a successive § 2255, which was rejected by the Fifth Circuit. In exercising his "due diligence" to obtain proof of existence of the video, Petitioner hired an attorney who made an information request to Texas authorities. In response, the state admitted that they have a copy of the video in their custody, but obtained an opinion from the Texas Attorney General's office on April 20, 2017, concluding that under state law, it was not subject to release. (Doc. 1, p. 8; Doc. 1-2, pp. 7-19). Petitioner argues that the death threats and other abusive tactics during this interrogation coerced him to consent to the seizure of items from his travel trailer. However, he did not consent to the officers searching his electronic media, where the child pornography was found, and no warrant was obtained for that search.

As additional grounds, Petitioner argues that all evidence regarding criminal activity was seized by Texas Rangers in Pecos County, Texas, in the Western District of Texas. Therefore, the Northern District of Texas "did not have constitutional authority" to conduct the criminal proceedings against him. (Doc. 1, p. 9; Doc. 1-2, pp. 20-24).

Petitioner requests this Court to set aside his guilty plea and sentence so that a new trial may be held. (Doc. 1, p. 12).

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief. Further, a prisoner is generally limited to bringing only *one* §2255 motion. A second or successive § 2255 motion will only be allowed if the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of

7

his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

8

miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In the instant Petition, Conroy does not attack the duration of his confinement, *per se*. Therefore, § 2241 does not readily appear to be the appropriate avenue for relief. His Petition does not invoke a new and retroactively applicable statutory interpretation case that he could not have included in his initial § 2255 motion, thus it fails to satisfy the first 2 savings clause conditions set forth above. As such, even if the Petition arguably met the third condition of a "fundamental defect" in the conviction, it would not qualify for consideration under the savings clause.

It is significant that Petitioner has been denied permission to file a successive § 2255 motion on 3 occasions by the Court of Appeals for the Fifth Circuit. His most recent attempt for authorization was rejected on May 31, 2017. *In re: John Alan Conroy*, Case No. 17-10402 (5th Cir.). It thus appears that Petitioner is attempting to use this Court as a back door of sorts, to allow him to present a successive, redundant § 2255 motion attacking his conviction and sentence, skirting the requirements for bringing a successive petition. *See* § 2255(h), (e).

As the undersigned Judge observed in evaluating Conroy's previous § 2241 petition, the Seventh Circuit in *Webster v. Daniels*, 784 F.3d 1123, 1125 (7th Cir. 2015), reemphasized its view that "there is no absolute bar to the use of the Section 2255(e) savings clause for new evidence." *Conroy v. Walton*, Case No. 15-

cv-528-DRH (S.D. Ill., Doc. 13, p. 9). Nonetheless, *Webster* reiterated that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. The test for the applicability of the savings clause is whether § 2255 is an inadequate or ineffective remedy – in other words, "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Id.* (quoting *Davenport*, 147 F.3d at 609). Like his previous § 2241 action, the current Petition does not meet this test.

The instant Petition is founded on essentially the same issues that Petitioner raised when he sought permission to bring a successive § 2255 motion. Section 2255 allows for a successive motion presenting newly discovered evidence, if the appellate court finds that such evidence would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h). There is thus no structural barrier in § 2255 that prevented Petitioner from bringing his claims through that avenue. The Fifth Circuit considered Petitioner's claims, and determined that his newly discovered evidence did not meet the requirement in § 2255(h) of sufficiency to undermine the trial court's determination of guilt. Petitioner's lack of success in his efforts to pursue a successive § 2255 motion does not mean that the § 2255 procedure itself is inadequate or ineffective to

allow presentation of his claims. *See Davenport*, 147 F.3d at 609-10. As the undersigned Judge determined when dismissing Petitioner's earlier attempt to seek relief under § 2241, he cannot be permitted to circumvent the restrictions in § 2255(h) by merely refashioning his arguments into a § 2241 petition. Petitioner is not entitled to relief under § 2241.

## Disposition

To summarize, Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

Petitioner would do well to heed the warning issued by the Fifth Circuit, that "frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions," and restrictions on his ability to file future pleadings. *In re: John Alan Conroy*, Case No. 17-10402 (5th Cir. May 31, 2017). Petitioner has now brought 2 habeas actions in this Court based on Texas officials' refusal to disgorge the video recording of his interrogation, neither of which qualifies for relief under § 2241. Furthermore, Petitioner brought a civil rights action in this district based in part on the events described in the instant Petition, and failed to disclose to the Court that he had "struck out" when 3 of his previous actions had been dismissed as frivolous or for failure to state a claim. *Conroy v. Henry, et al.*, Case No. 16-cv-750-JPG (S.D. Ill.,

dismissed April 12, 2017, for failure to state a claim and strike assessed; Doc. 21); 28 U.S.C. § 1915(g).

Should Petitioner file another habeas action in this Court invoking the grounds presented in either of his § 2241 petitions, he shall be subject to sanctions pursuant to *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves from vexatious litigation). These sanctions may include a monetary fine and an order that any papers filed in a collateral attack or habeas action shall be deemed denied after 30 days unless the Court orders otherwise.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more

than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 8th day of August, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.08.08
17:45:10 -05'00'

**UNITED STATES DISTRICT JUDGE**